IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICK CIOLINO, | ) | |
| on behalf of plaintiff and the | ) | |
| class members described below, | ) | |
| | ) | Case No. 1:15-cv-09247 |
| Plaintiff, | ) | |
| | ) | Hon. Matthew F. Kennelly |
| v. | ) | Judge Presiding |
| | ) | |
| SETERUS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**SETERUS'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant, Seterus, Inc. ("Seterus"), answers and responds to Plaintiff Patrick Ciolino's ("Plaintiff") first amended complaint ("FAC") as follows:

**Answer to Nature of Action Allegations**

1.      Plaintiff Patrick Ciolino brings this action against Seterus, Inc., to secure redress for improper conduct relating to the automatic termination of private mortgage insurance after a mortgage loan has been modified.  Plaintiff alleges violation of the Homeowners Protection Act, 12 U.S.C. §4901 et seq., and state law.

**ANSWER:**      Seterus admits that Plaintiff filed an amended complaint making various allegations, but Seterus denies that it engaged in any violation of law or other wrongdoing, denies any and all alleged liability to Plaintiff, and denies that Plaintiff is entitled to any relief.

**Answers to Jurisdiction and Venue**

2.      This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 1367.

**ANSWER:**  Seterus does not contest subject matter jurisdiction in this matter.

3.      Venue in this district is proper because:

        a.      Defendant's conduct impacted plaintiff in this district;

        b.      Defendant does business in this district;

      c.        Defendant is subject to personal jurisdiction here;

      d.        The action concerns real estate located in this district.

**ANSWER:**  Seterus admits only that it services mortgage loans secured by real property located in the State of Illinois and other states, and does not contest venue in this matter.  The remaining allegations contained in this Paragraph constitute legal conclusions rather than allegations of fact, and therefore no response is required.  To the extent that a response may be required, Seterus denies the remaining allegations contained in this Paragraph, including all subparts.

### Answers to Allegations Regarding Parties

4.       Plaintiff Patrick Ciolino resides in a home which he owns in Romeoville, Illinois.

**ANSWER:**  Seterus lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

5.       Defendant Seterus, Inc., formerly known as IBM Lender Business Process Services, Inc. ("Seterus"), is a Delaware corporation with its principal place of business in Oregon.  It does business in Illinois.  Its registered agent and office is CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

**ANSWER:**  Seterus admits only that it was formerly known as IBM Lender Business Process Services, Inc. ("LBPS"), that it is a Delaware corporation with an office in Oregon, that it services mortgage loans secured by real property located in the state of Illinois, and its registered agent is CT Corporation System located at 208 S. LaSalle St., Suite 804, in Chicago, Illinois. Seterus otherwise denies the allegations contained in this Paragraph.

6.       Seterus services a portfolio of home mortgages in excess of $1 million.

**ANSWER:**  Seterus admits only that it is services mortgage loans on behalf of the owner of the loan, and that the aggregate loan balances of the loans serviced by Seterus exceed $1 million, but otherwise denies the allegations contained in this Paragraph.

7.       Seterus describes itself on its web site (www.seterus.com) as "one of the nation's

leading specialty loan servicing companies" and "a fully integrated loan servicing company consisting of experienced, skilled professionals using leading technology."

**ANSWER:** Seterus admits the allegations contained in this Paragraph.

### Answers to Factual Allegations

8.     Plaintiff Patrick Ciolino has a first mortgage loan secured by his home that is presently serviced by Seterus.

**ANSWER:** Seterus denies the allegations contained in this Paragraph.

9.     Plaintiff originally obtained the loan on June 7, 2007, from Marquette Bank.  The original principal balance was $226,800.

**ANSWER:** Seterus admits only that on or about June 7, 2007, Marquette Bank extended a loan to Plaintiff in the principal amount of $226,800 ("Subject Loan"), secured by a mortgage ("Subject Mortgage") on the real estate commonly known as 249 Trenton Drive, in Romeoville, Illinois ("Subject Property"), but otherwise denies the allegations contained in this Paragraph.

10.     In connection with the loan, plaintiff contracted to pay private mortgage insurance ("PMI").

**ANSWER:** Seterus admits only that as a condition to obtaining the Subject Loan, Plaintiff was required to maintain private mortgage insurance ("PMI") subject to limitations under applicable law.

11.     At the time the loan was made, plaintiff received a PMI disclosure (Appendix A).

**ANSWER:** Seterus lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this Paragraph.

12.     At the time, the value of the property was agreed to be $252,000.  (Appendix A)

**ANSWER:**  Seterus admits only that the Subject Property was appraised at $252,000 in the appraisal report dated May 18, 2007, but otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this Paragraph.

13.     The PMI disclosure stated that PMI will automatically terminate on the date that

3

the principal balance is scheduled to reach 78% of the original value of the property, which is August 1, 2011. Automatic termination was conditioned on plaintiff being current on his loan payments.

**ANSWER:** Seterus admits the allegations contained in this Paragraph only to the extent that they are consistent with the document attached as Appendix A to the FAC, but otherwise denies the allegations contained in this Paragraph.

14. The Homeowners Protection Act, 12 U.S.C. §4901(18), defines "termination date" to mean:

**(A) with respect to a fixed rate mortgage, the date on which the principal balance of the mortgage, based solely on the initial amortization schedule for that mortgage, and irrespective of the outstanding balance for that mortgage on that date, is first scheduled to reach 78 percent of the original value of the property securing the loan; and**

**(B) with respect to an adjustable rate mortgage, the date on which the principal balance of the mortgage, based solely on the amortization schedule then in effect for that mortgage, and irrespective of the outstanding balance for that mortgage on that date, is first scheduled to reach 78 percent of the original value of the property securing the loan.**

**ANSWER:** Seterus admits the allegations contained in this Paragraph only to the extent that they are consistent with the federal Homeowners Protection Act, 12 U.S.C. § 4901, *et seq.* ("HPA"), but otherwise denies the allegations contained in this Paragraph, including all subparts.

15. The Homeowners Protection Act, 12 U.S.C. § 4902, provides:

**(b) Automatic termination**

**A requirement for private mortgage insurance in connection with a residential mortgage transaction shall terminate with respect to payments for that mortgage insurance made by the mortgagor—**

**(1) on the termination date if, on that date, the mortgagor is current on the payments required by the terms of the residential mortgage transaction; or**

**(2) if the mortgagor is not current on the termination date, on the first day of the first month beginning after the date that the mortgagor becomes current on the payments required by the terms of the residential mortgage transaction. . . .**

**(d) Treatment of loan modifications**

**If a mortgagor and mortgagee (or holder of the mortgage) agree to a modification of the terms or conditions of a loan pursuant to a residential mortgage transaction, the cancellation date, termination date, or final termination shall be recalculated to reflect the modified terms and conditions of such loan. . . .**

**(e) No further payments**

**No payment or premiums may be required from the mortgagor in connection with a private mortgage insurance requirement terminated or cancelled under this section—**

**. . . (2) in the case of termination under subsection (b) of this section, more than 30 days after the termination date or the date referred to in subsection (b)(2) of this section as applicable; . . .**

**(f) Return of unearned premiums**

**(1) In general**

**Not later than 45 days after the termination or cancellation of a private mortgage insurance requirement under this section, all unearned premiums for private mortgage insurance shall be returned to the mortgagor by the servicer. . . .**

**ANSWER:** Seterus admits the allegations contained in this Paragraph only to the extent that they are consistent with HPA, but otherwise denies the allegations contained in this Paragraph, including all subparts.

16. In 2011, Seterus then known as IBM Lender Business Process Services, Inc., serviced the loan.

**ANSWER:** Seterus admits only that it began servicing the Subject Loan on or about July 1, 2010, and that it was formally known as LBPS, but otherwise denies the allegations contained in this Paragraph.

17. In 2011, plaintiff and Seterus entered into a permanent loan modification agreement (Appendix B). The principal balance on the loan went up from $219,064.84 to $220,091.27 as a result of the modification. Seterus had admitted that the modification "did not significantly change" the LTV ratio for plaintiff's loan. (Appendix C) Seterus has also admitted that it did not obtain a new appraisal when it modified plaintiff's loan.

**ANSWER:** Seterus admits the allegations contained in this Paragraph only to the extent that they are consistent with the documents attached as Appendix B and C to the FAC, but otherwise denies the allegations contained in this Paragraph.

18. The loan modification provided that the terms and conditions of the original loan remained in effect except as specified.

**ANSWER:** Seterus admits the allegations contained in this Paragraph only to the extent that they are consistent with the document attached as Appendix B to the FAC, but otherwise denies the allegations contained in this Paragraph.

19. Nothing in the standard form loan modification document signed by plaintiff made any new property valuation (if one even existed) a term and condition of the loan modification.

**ANSWER:** Seterus admits the allegations contained in this Paragraph only to the extent that they are consistent with the document attached as Appendix B to the FAC, but otherwise denies the allegations contained in this Paragraph.

20. Seterus neither correctly calculated a new automatic PMI termination date based on the loan modification terms, nor honored the original loan terms relating to PMI termination. In addition, on information and belief, Seterus has never recalculated or provided plaintiff with a new amortization schedule. Instead, Seterus continued to charge PMI premiums and claim plaintiff either had to wait until the "estimated midpoint" of his loan, or pay a $350 appraisal fee in order to prove Seterus was obligated to do one or the other.

**ANSWER:** Seterus denies the allegations contained in this Paragraph.

21. Seterus also did not terminate the PMI on either the original automatic termination date, or any newly calculated date, based on the terms of the loan modification.

**ANSWER:** Seterus denies the allegations contained in this Paragraph.

22. On information and belief, if Seterus had properly calculated a new automatic terminate date, that date would have occurred during late 2013.

**ANSWER:** Seterus denies the allegations contained in this Paragraph.

23. Because Seterus never provided plaintiff with notice of any new automatic termination date, plaintiff did not discover the date might have passed until he sought to

refinance his mortgage sometime in the summer of 2015, which caused him to look into the issue of the correct termination date.

**ANSWER:** Seterus denies that it failed to provide any notice or disclosures required by the HPA, denies that it engaged in any violations of law or other wrongdoing, denies any and all alleged liability to Plaintiff, and denies that Plaintiff is entitled to any relief.

24. On information and belief, based on the industry practice, Seterus has a financial incentive to continue the PMI on plaintiff's loan because it receives a portion of the premium and it desires the protection provided by PMI to lenders.

**ANSWER:** Seterus denies the allegations contained in this Paragraph.

25. Plaintiff was current on the loan from the modification until the time he requested that Seterus terminate the PMI. Plaintiff's statements show that the balance on his loan as of September, 2015 was $180,683.18 (Appendix D), well below what the balance would have been pursuant to the original amortization schedule on the original automatic termination date ($201,600).

**ANSWER:** Seterus denies the allegations contained in this Paragraph.

26. Plaintiff was required to continue paying PMI to Seterus to avoid default on his loan.

**ANSWER:** Seterus admits only that, as a condition to obtaining the Subject Loan, Plaintiff was required to maintain PMI until the PMI is terminated or cancelled pursuant to applicable law.

27. Instead of automatically terminating plaintiff's PMI, Seterus invited plaintiff to apply for termination, by letter of August 28, 2015. (Appendix E)

**ANSWER:** Seterus denies the allegations contained in this Paragraph.

28. In addition, Seterus never notified plaintiff of any newly calculated automatic PMI termination date and/or his rights to automatic termination of PMI pursuant to a newly calculated date.

**ANSWER:** Seterus denies that it failed to provide any notice or disclosures required by the HPA, denies that it engaged in any violations of law or other wrongdoing, denies any and all alleged liability to Plaintiff, and denies that Plaintiff is entitled to any relief.

29. The Homeowners Protection Act, 12 U.S.C.A. § 4903, provides:

7

**(A) . . .**

**(3) Annual disclosures**

**If private mortgage insurance is required in connection with a residential mortgage transaction, the servicer shall disclose to the mortgagor in each such transaction in an annual written statement—**

**(A) the rights of the mortgagor under this chapter to cancellation or termination of the private mortgage insurance requirement; and**

**(B) an address and telephone number that the mortgagor may use to contact the servicer to determine whether the mortgagor may cancel the private mortgage insurance. . . .**

**ANSWER:** Seterus admits the allegations contained in this Paragraph only to the extent that they are consistent with the HPA, but otherwise denies the allegations contained in this Paragraph, including all subparts.

30. The Homeowners Protection Act, 12 U.S.C. §4904, further provides:

**§ 4904. Notification upon cancellation or termination**

**(a) In general**

**Not later than 30 days after the date of cancellation or termination of a private mortgage insurance requirement in accordance with this chapter, the servicer shall notify the mortgagor in writing—**

**(1) that the private mortgage insurance has terminated and that the mortgagor no longer has private mortgage insurance; and**

**(2) that no further premiums, payments, or other fees shall be due or payable by the mortgagor in connection with the private mortgage insurance.**

**(b) Notice of grounds**

**(1) In general**

**If a servicer determines that a mortgage did not meet the requirements for termination or cancellation of private mortgage insurance under subsection (a) or (b) of section 4902 of this title, the servicer shall provide written notice to the mortgagor of the grounds relied on to make the determination (including the results of any appraisal used to make the**

determination).

**(2) Timing**

**Notice required by paragraph (1) shall be provided—**

> **. . . (B) with respect to termination of private mortgage insurance under section 4902(b) of this title, not later than 30 days after the scheduled termination date.**

**ANSWER:** Seterus admits the allegations contained in this Paragraph only to the extent that they are consistent with HPA, but otherwise denies the allegations contained in this Paragraph, including all subparts.

31.    Seterus did not provide plaintiff with any notice within 30 days after May 1, 2012, or within 30 days after whatever date should have been the correct newly calculated automatic PMI termination date.

**ANSWER:** Seterus denies that it failed to provide any notice or disclosures required by the HPA, denies that it engaged in any violations of law or other wrongdoing, denies any and all alleged liability to Plaintiff, and denies that Plaintiff is entitled to any relief.

32.    12 U.S.C. § 4910 (b), "No preclusion of cancellation or termination agreements," provide that "**Nothing in this chapter shall be construed to preclude cancellation or termination, by agreement between a mortgagor and the holder of the mortgage, of a requirement for private mortgage insurance in connection with a residential mortgage transaction before the cancellation or termination date established by this chapter for the mortgage.**"

**ANSWER:** Seterus admits the allegations contained in this Paragraph only to the extent that they are consistent with HPA, but otherwise denies the allegations contained in this Paragraph.

33.    On information and belief, Seterus' conduct toward plaintiff represents its standard practice with respect to termination of PMI on loans that have been modified.

**ANSWER:** Seterus denies the allegations contained in this Paragraph.

34.    Plaintiff has been damaged by Seterus' conduct, in that he was forced to continue making PMI payments. In addition, plaintiff was attempting to refinance his loan under the HARP program when this dispute arose. Under the rules of the HARP program, if plaintiff's

loan currently has PMI, he will be required to have PMI on this refinanced loan. However, if his PMI has been terminated, as it should have been, he would not have been required to have PMI. This will cause plaintiff substantial damage, as he is now going to have to pay PMI premiums for several more years.

**ANSWER:** Seterus denies the allegations contained in this Paragraph.

## ANSWER TO COUNT I
### Alleged Violation of the Homeowners Protect Act

35.     Plaintiff incorporates paragraphs 1-34.

**ANSWER:** Seterus restates and incorporates by reference its answers and responses to Paragraphs 1-34 as if they were fully stated here.

36.     Seterus is liable under 12 U.S.C. § 4907, which provides:

**§ 4907. Civil liability**

**(a) In general**

**Any servicer, mortgagee, or mortgage insurer that violates a provision of this chapter shall be liable to each mortgagor to whom the violation relates for—**

> **(1) in the case of an action by an individual, or a class action in which the liable party is not subject to section 4909 of this title, any actual damages sustained by the mortgagor as a result of the violation, including interest (at a rate determined by the court) on the amount of actual damages, accruing from the date on which the violation commences;**

> **(2) in the case of—**

>> **(A) an action by an individual, such statutory damages as the court may allow, not to exceed $2,000; and**

>> **(B) in the case of a class action—**

>>> **(i) in which the liable party is subject to section 4909 of this title, such amount as the court may allow, except that the total recovery under this subparagraph in any class action or series of class actions arising out of the same violation by the same liable party shall not exceed the lesser of $500,000 or 1 percent of the net worth of the liable party, as determined by the court; . . .**

> **(3) costs of the action; and**
>
> **(4) reasonable attorney fees, as determined by the court.**
>
> **(b) Timing of actions**
>
> **No action may be brought by a mortgagor under subsection (a) of this section later than 2 years after the date of the discovery of the violation that is the subject of the action.**
>
> **(c) Limitations on liability**
>
>> **(1) In general**
>>
>> **With respect to a residential mortgage transaction, the failure of a servicer to comply with the requirements of this chapter due to the failure of a mortgage insurer or a mortgagee to comply with the requirements of this chapter, shall not be construed to be a violation of this chapter by the servicer.**
>>
>> **(2) Rules of construction**
>>
>> **Nothing in paragraph (1) shall be construed to impose any additional requirement or liability on a mortgage insurer, a mortgagor, or a holder of a residential mortgage.**

**ANSWER:**  Seterus denies the allegations contained in this Paragraph, including all subparts.

37.    Seterus is subject to 12 U.S.C. § 4909, in that it is subject to regulation by the Consumer Financial Protection Bureau.

**ANSWER:**  Seterus admits the allegations contained in this Paragraph only to the extent that they are consistent with the HPA and applicable law, but otherwise denies that it engaged in any violations of law or other wrongdoing, denies any and all alleged liability to Plaintiff, and denies that Plaintiff is entitled to any relief.

### Answers to Class Allegations

38.    This claim is brought on behalf of 2 classes, pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

**ANSWER:**    Seterus admits that Plaintiff filed an amended complaint making various allegations, but Seterus denies that it engaged in any violation of law or other wrongdoing,

denies any and all alleged liability to Plaintiff, denies that class certification is appropriate for this matter, and denies that Plaintiff is entitled to any relief.

39.     Class A consists of all persons (a) paying PMI, (b) whose loans were serviced by Seterus, (c) whose original loan terms were previously modified, (d) whose principal balance reached 78 percent of the original value of the property securing the loan pursuant to the modified loan terms, (e) whose PMI was not terminated on that date, if they were current, or if they were not current, on the first day of the first month beginning after the date that they became current, (f) where PMI was paid on or after a date 2 years before the filing of this action.

**ANSWER:**     Seterus admits that Plaintiff filed an amended complaint making various allegations, but Seterus denies that it engaged in any violation of law or other wrongdoing, denies any and all alleged liability to Plaintiff, denies that class certification is appropriate for this matter, and denies that Plaintiff is entitled to any relief.

40.     Class B consists of all persons (a) paying PMI, (b) whose loans were serviced by Seterus, (c) whose original loan terms were previously modified, (d) whose principal balance was scheduled to reach 78 percent of the original value of the property securing the loan pursuant to the modified loan terms, (d) who were not sent a notice within 30 days of that date, (e) where PMI was paid on or after a date 2 years prior to the filing of this action.

**ANSWER:**     Seterus admits that Plaintiff filed an amended complaint making various allegations, but Seterus denies that it engaged in any violation of law or other wrongdoing, denies any and all alleged liability to Plaintiff, denies that class certification is appropriate for this matter, and denies that Plaintiff is entitled to any relief.

41.     On information and belief, based on the size of Seterus, each class is so numerous that joinder of all members is impracticable.  There are more than 30 members of each class.

**ANSWER:**  Seterus denies the allegations contained in this Paragraph.

42.     There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members.  The predominate common questions are:

>           a.      What Seterus' policies and practices are with respect to PMI termination, generally and with respect to loans that have been modified;

   b.  What Seterus' policies and practices are with respect to the recalculation of automatic termination dates on modified loans;

   c.  Whether Seterus' policies and practices comply with the Homeowners Protection Act.

   d.  Whether Seterus' policies and practices constitute a breach of contract.

**ANSWER:** Seterus denies the allegations contained in this Paragraph, including all subparts.

  43.  Plaintiff's claims are typical of the claims of the class members. All are based on the same legal and factual issues.

**ANSWER:** Seterus denies the allegations contained in this Paragraph.

  44.  Plaintiff will fairly and adequately represent the members of the class. Plaintiff has retained counsel experienced in the prosecution of consumer credit claims and class actions.

**ANSWER:** Seterus denies the allegations contained in this Paragraph.

  45.  A class action is superior for the fair and efficient prosecution of this litigation. Classwide liability is essential to cause defendant to stop its improper conduct. Many class members may be unaware that they have been victims of illegal conduct.

**ANSWER:** Seterus denies the allegations contained in this Paragraph.

  WHEREFORE, Seterus denies any and all alleged liability to Plaintiff, and requests that judgment be entered in its favor and against Plaintiff, with attorney's fees and costs assessed, and requests that this Court provide such further and additional relief as it deems just and appropriate.

**ANSWERS TO COUNT II**
**Alleged Breach of Contract**

  The allegations contained in Paragraphs 46 through 55 were dismissed by the Court's Order on August 16, 2016 [DE 56], and therefore no response is required. To the extent that a response is required, Seterus denies the allegations.

  WHEREFORE, Seterus denies any and all alleged liability to Plaintiff, and requests that judgment be entered in its favor and against Plaintiff, with attorney's fees and costs assessed, and

13

requests that this Court provide such further and additional relief as it deems just and appropriate.

**ANSWERS TO COUNT III**
**Alleged Violation of the Illinois Consumer Fraud Act**

The allegations contained in Paragraphs 56 through 65 were dismissed by the Court's Order on August 16, 2016 [DE 56], and therefore no response is required. To the extent that a response is required, Seterus denies the allegations.

WHEREFORE, Seterus denies any and all alleged liability to Plaintiff, and requests that judgment be entered in its favor and against Plaintiff, with attorney's fees and costs assessed, and requests that this Court provide such further and additional relief as it deems just and appropriate.

**AFFIRMATIVE DEFENSES**

For its Affirmative Defenses, Seterus states the following:

1.      On or about June 7, 2007, Marquette Bank extended a mortgage loan to Plaintiff in the original principal amount of $226,800 ("Subject Loan"), which was secured by a mortgage ("Subject Mortgage") on the real estate commonly known as 249 Trenton Drive, in Romeoville, Illinois ("Subject Property").

2.      As a condition to obtaining the Subject Loan, Plaintiff was required to maintain private mortgage insurance ("PMI") subject to limitations under applicable law.

3.      Seterus began servicing the Subject Loan on or about July 1, 2010.

4.      On or about February 25, 2011, Seterus and Plaintiff entered into a Home Affordable Modification Agreement with a step-rate interest rate adjustment.

5.      Plaintiff failed to make timely payments after the Subject Loan was modified.

14

**First Affirmative Defense**

6.      Seterus restates and incorporates by reference the facts stated in Paragraphs 1-5 of its Affirmative Defenses above.

7.      To the extent Plaintiff suffered any alleged actual damages, the existence of which are expressly denied, the alleged damages are barred and/or limited in whole or in part by Plaintiff's own failure to mitigate the alleged damages.

WHEREFORE, Seterus requests that judgment be entered in its favor and against Plaintiff, with attorney's fees and costs assessed, and requests that this Court provide such further and additional relief as it deems just and appropriate.

**Second Affirmative Defense**

8.      Seterus restates and incorporates by reference the facts stated in Paragraphs 1-5 of its Affirmative Defenses above.

9.      To the extent Plaintiff suffered any alleged actual damages, the existence of which are expressly denied, the alleged damages were caused in whole or in part by Plaintiff's own acts or omissions, and/or the alleged damages were caused in whole or in part by individuals and/or entities over whom Seterus had no control, right of control or responsibility.

WHEREFORE, Seterus requests that judgment be entered in its favor and against Plaintiff, with attorney's fees and costs assessed, and requests that this Court provide such further and additional relief as it deems just and appropriate.

**Third Affirmative Defense**

10.      Seterus restates and incorporates by reference the facts stated in Paragraphs 1-5 of its Affirmative Defenses above.

11.      Seterus denies that it failed to provide any PMI disclosures required by the HPA.

12.     Even if Seterus is somehow liable for failing to provide any PMI disclosures required by the HPA, Plaintiff's purported claims would be barred in whole or in party by the statute of limitations under 12 U.S.C. § 4907(b).

WHEREFORE, Seterus requests that judgment be entered in its favor and against Plaintiff, with attorney's fees and costs assessed, and requests that this Court provide such further and additional relief as it deems just and appropriate.

### Fourth Affirmative Defense

13.     Seterus restates and incorporates by reference the facts stated in Paragraphs 1-5 of its Affirmative Defenses above.

14.     Seterus denies that Plaintiff's allegations are capable of class treatment, denies that certification of any putative class would be appropriate here, denies any and all liability to Plaintiff and any, some portion or all of the putative class members, and denies that Plaintiff or any, some portion, or all of the putative class members are entitled to any relief.

15.     Even if class treatment were somehow allowed here, many of the putative class members' purported claims would be barred in whole or in part by the statute of limitations under 12 U.S.C. § 4907(b).

16.     In addition, if the Court certifies a class over Seterus's objections, then Seterus asserts the affirmative defenses set forth herein against each and every class members of the certified class.

WHEREFORE, Seterus requests that judgment be entered in its favor and against Plaintiff and the putative class members, with attorney's fees and costs assessed, and request that this Court provide such further and additional relief as it deems just and appropriate.

**Fifth Affirmative Defense**

17.     Seterus restates and incorporates by reference the facts stated in Paragraphs 1-5 of its Affirmative Defenses above.

18.     In the event that this Court determines that class treatment is appropriate, which Seterus denies, Seterus reserves all defenses, including but not limited to, waiver, promissory and equitable estoppel, prior express consent, lack of personal jurisdiction, lack of subject matter jurisdiction, and/or the claims may be barred by unclean hands, waiver, *res judicata*, collateral estoppel, or any other defense or doctrine.

WHEREFORE, Seterus requests that judgment be entered in its favor and against Plaintiff and the putative class members, with attorney's fees and costs assessed, and request that this Court provide such further and additional relief as it deems just and appropriate.

The above Affirmative Defenses are based on the facts currently known to Seterus, and Seterus reserves the right to amend or add affirmative defenses based on facts that may later be discovered, pled, or offered.


Dated:  August 29, 2016                                   Respectfully submitted,

Ralph T. Wutscher                                       **SETERUS, INC.,**
Ernest Paul Wagner
Gregg M. Barbakoff
MAURICE WUTSCHER LLP
105 W. Madison Street, 18th Floor
Chicago, Illinois 60602
Tel.  (312) 416-6170
Fax  (312) 284-4751                    By:     /s/ Gregg M. Barbakoff
                                                One of Its Attorneys

17

**Certificate of Service**

I, Gregg M. Barbakoff, an attorney, hereby certify that on **August 29, 2016**, service of a true and correct copy of this document and any referenced exhibits was accomplished pursuant to ECF on all parties who are Filing Users.

/s/ Gregg M. Barbakoff